# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KASOWITZ BENSON TORRES LLP,<br><br>*Plaintiff*,<br><br>v.<br><br>BASF CORPORATION; BAYER MATERIAL SCIENCE, LLC f/k/a/ MILES, INC. f/k/a MOBAY CHEMICAL COMPANY; THE DOW CHEMICAL COMPANY; and HUNTSMAN INTERNATIONAL LLC, f/k/a IMPERIAL CHEMICAL INDUSTRIES PLC and f/k/a ICI AMERICAS, INC.,<br><br>*Defendants*. | Case No. 1:16-CV-02269-RMC |

## DEFENDANTS' RESPONSE TO PLAINTIFF-RELATOR'S
## NOTICE OF SUPPLEMENTAL INFORMATION

Kasowitz's Notice of Supplemental Information asserts that certain comments the American Chemistry Council[1] made to the Environmental Protection Agency ("EPA") in an email last November (the "ACC comments") preclude the Court from dismissing Kasowitz's property-based claims under the False Claims Act ("FCA"). In reality, however, the ACC comments have no bearing on the pending Motion to Dismiss.

Kasowitz's argument hinges on three sentences from the comments:

> ACC urges EPA to adopt a policy to protect proprietary full health and safety study reports that can have significant commercial value, but release to the public all relevant health and safety effects information in robust study summaries. … EPA could agree to permit academics or other interested parties to have limited access to the full health and safety study reports by signing a binding non-disclosure

---

[1] Kasowitz falsely attributes the relevant comments to "Defendants." The comments were made via email by an employee of the ACC, an organization comprised of more than 150 members. *See* American Chemistry Council, List of Regular Member Companies, *available at* https://www.americanchemistry.com/Membership/MemberCompanies/ (last accessed on May 16, 2017).

>agreement if that were deemed necessary.  ACC believes this policy would strike the correctly [*sic*] balance the interests of public transparency with the interests of businesses seeking to protect the significant commercial value of full proprietary health and safety studies.

Notice, Ex. A at 6.  Kasowitz contends that these sentences conclusively establish that the purported substantial risk information ("SRI") at issue here is "property" within the meaning of the FCA.

Kasowitz is plainly wrong and the ACC comments do not support Kasowitz's unprecedented construction of the FCA.  Far from it, these sentences do not mention the FCA, the issues involved in this litigation, or the alleged SRI involved in this case.  The sentences are not even talking about the same *kind* of information as the alleged SRI: while the ACC wrote of companies' interests in their *own* "full health and safety study reports," the meeting minute snippets that the Amended Complaint identifies refer to information generated by non-parties (*e.g.*, the "1982 Japanese Skin Contact SRI" refers to "[s]ome relevant Japanese work," Am. Compl. ¶ 206) and are certainly not "full health and safety study reports."

More fundamentally, the ACC comments do not speak to Defendants' principal argument—supported by the Department of Justice ("DOJ")—that, *as a matter of statutory construction*, alleged failures to report information do not automatically constitute failures to transmit "property" under the reverse FCA.  Doc. 110-1 at 32–36.  Kasowitz has made the unprecedented claim in this litigation that Congress intended the "reverse" false claims provision, which proscribes a failure to "transmit *money* or *property*" owed to the Government, to permit private individuals to sue whenever they believe an entity has failed to comply with a duty to report *information* to the Government.  But Kasowitz's interpretation finds no support in the FCA's text, legislative history, or applicable case law.  Instead, as DOJ recognized in its Statement of Interest, the relevant case law points in the opposite direction.  *See* Doc. 117 at 7–8 (citing *United States ex*

2

*rel. Bahrani v. Conagra, Inc.*, 465 F.3d 1189, 1205 (10th Cir. 2006)); *see also Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 67 (D.C. Cir. 2008) (noting that a Consent Decree imposing certain "reporting requirement[s]" on a defendant "imposed no obligation … to tender money or property to the Government" within the meaning of the FCA). Kasowitz's theory would enable any private individual to sue under the FCA based on any alleged failure to report information under any of the thousands of federal reporting statutes and regulations. The ACC comments do not address that question of statutory interpretation, and so they do not in any way support Kasowitz's radical position.

Given that reportable information is not *per se* property under the FCA (as even Kasowitz has admitted, *see* Doc. 115 at 43), the purported SRI at issue here plainly cannot qualify because it does not bear the fundamental hallmark of property rights—exclusivity. *See* Doc. 110-1 at 33–35, nn. 7–9; Doc. 118 at 19–21. The ACC comments do not change this result. Kasowitz claims that the comments "unequivocally" admit that *all* "reportable health and safety information" is invariably "property." Notice at 5. But the comments do just the opposite.

In the main, the ACC comments critique EPA's procedure for substantiating claims that reported information is "confidential business information" ("CBI") and take no position on the extent to which SRI should be considered "property." To the extent the comments speak to this issue at all, they expressly state that information about "health and safety effects" is *not* CBI and *should be publicly disclosed*. *See* Notice, Ex. A at 6 ("ACC urges EPA to … *release to the public all relevant health and safety effects information*." (emphasis added)). Accordingly, inasmuch as the alleged SRI in this case is—according to Kasowitz—information about "health and safety effects," the ACC comments recommend *public disclosure*. And because there can be no property interests in publicly-disclosed information, *see Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002

(1984), the ACC's recommendation of public disclosure shows that the alleged SRI at issue here is *not* property. If anything, then, the ACC comments actually provide further support for Defendants' position that the alleged SRI is not property.

For the reasons discussed above and in Defendants' Motion to Dismiss, Kasowitz's property-based claims fail as a matter of law. Nothing in the ACC comments changes that result.

May 22, 2017                                  Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS, LLP
/s/ *Erin K. Sullivan*
Erin K. Sullivan (D.C. Bar 984712)
esullivan@bradley.com
1615 L Street NW, Suite 1350
Washington, DC   20036
Telephone: (202) 719-8208
Facsimile: (202) 719-8309

Fred M. Haston III (admitted *pro hac vice*)
thaston@bradley.com
One Federal Place
1819 Fifth Avenue North
Birmingham, AL   35203
Telephone:  (205) 521-8303
Facsimile:  (205) 488-6303

William F. Goodman III (admitted *pro hac vice*)
wgoodman@bradley.com
Roundabout Plaza, 1600 Division Street, Suite 700
Nashville, TN   37203
Telephone:  (615) 252-2381
Facsimile:  (615) 252-6381

*Attorneys for Covestro LLC*

KIRKLAND & ELLIS LLP
/s/ *Christopher Landau*
Christopher Landau, P.C. (DC Bar No. 425319)
clandau@kirkland.com
655 15th Street, N.W.
Washington, DC   20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Michael Foradas, P.C. (admitted *pro hac vice*)
mforadas@kirkland.com
Nader Boulos (admitted *pro hac vice*)
nboulos@kirkland.com
300 North LaSalle
Chicago, IL   60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Jeremy M. Feigenbaum (admitted *pro hac vice*)
Jeremy.feigenbaum@kirkland.com
601 Lexington Avenue
New York, NY 10010
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

LATHAM & WATKINS LLP
/s/ *Alice S. Fisher*
Alice S. Fisher (DC Bar No. 437492)
alice.fisher@lw.com
Anne W. Robinson (DC Bar No. 503232)
anne.robinson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC   20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Steven M. Bauer (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA   94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

*Attorneys for The Dow Chemical Company*

VENABLE LLP
/s/ *Seth A. Rosenthal*
Seth A. Rosenthal (DC Bar No. 482586)
sarosenthal@venable.com
575 7th Street, NW
Washington, DC   20004
Telephone:  (202) 344-4741
Facsimile:   (202) 344-8300

*Attorney for BASF Corporation*

5

REED SMITH LLP
/s/ *Lawrence S. Sher*
Lawrence S. Sher (DC Bar No. 430469)
lsher@reedsmith.com
1301 K Street, NW
Suite 1000-East Tower
Washington, DC   20005
Telephone: (202) 414-9200
Facsimile: (202) 414-9299

Scott D. Baker (admitted *pro hac vice*)
sbaker@reedsmith.com
Raymond Cardozo (admitted *pro hac vice*)
rcardozo@reedsmith.com
101 Second Street, Suite 1800
San Francisco, CA   94105-3659
Telephone: (415) 543-8700
Facsimile:  (415) 391-8269

James L. Sanders (admitted *pro hac vice*)
jsanders@reedsmith.com
Francisca M. Mok (admitted *pro hac vice*)
fmok@reedsmith.com
1901 Avenue of the Stars, Suite 700
Los Angeles, CA   90067-6078
Telephone: (310) 734-5200
Facsimile:  (310) 734-5299

*Attorneys for Huntsman International LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2017, I caused this document to be electronically filed with the Clerk of Courts by using the electronic filing system, which will send a notice of electronic filing to all parties who have registered with the electronic filing system.

                                         /s/ *Erin K. Sullivan*
                                         Erin K. Sullivan